(No. 81-CC-2740-)

JACK R. ROACH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1986.*

LYNCH & BLOOM, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This claim arises out of a motorcycle accident which occurred on or about August 31, 1980, in the vicinity of mile marker 15.00 on Route 24, a State highway. The Claimant was proceeding south on said Route 24, on a 1974 Kawasaki 900 motorcycle. He then struck a hole or depression in the pavement, which was not visible to him prior to the accident. He stated that he was traveling approximately 40 miles per hour in a 45 mile-per-hour zone when he struck the hole. As a result of striking the hole, he was thrown from his motorcycle. He sustained abrasions, palpation crepitations over the right clavicle, a comminuted fracture of the right clavicle, and a fracture of the neck of the right scapula.

Charles A. King, Sr., a police officer, testified via an evidence deposition. He testified that a prior motorcycle accident had occurred at approximately the same location on or about August 3, 1980. He further testified that road conditions at the point in question were rough, and in need of resurfacing both on August 3, 1980, and still on August 31, 1980. The Respondent called Mr. Kris Jain, a civil engineer employed with the Department of Transportation of the State of Illinois. Mr. Jain testified that the road conditions were rough at the scene of the accident. He further testified that there were no signs warning of "rough road." He did testify that there was a sign which said "Road Construction Ahead."

It appears that the Claimant did exercise due care for his own safety at the time of the accident. The Claimant testified that he was driving within the speed limit and wearing a safety helmet when he struck the hole on August 31, 1980. There was no evidence to refute this. That the two accidents occurred at the same point over a period of 28 days clearly indicates that the State was negligent in its failure to notify the public of this specific hole, or to undertake proper repairs.

We cite the case of *Coughan v. State* (1974), 29 Ill. Ct. Cl. 434, for the provision that the State is negligent if a hole exists in the pavement which, because of its size and length of time it has existed, the State should have known about.

Further evidence indicated a State engineer drove on this roadway every day. This is also evidence of negligence. The hole was not repaired, and sufficient warning signs were not placed along the roadway.

Accordingly, we find for the Claimant. The Claimant suffered $4,140.40 in lost wages, and approximately $3,021.15 in medical expenses, repair to the

motorcycle, and loss of personal property. We therefore award the Claimant the sum of $30,000.00.